UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | | |
|---|---|---|---|
| FRANK WHITE | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | Case Nos. | 1:13-cr-89-HSM-SKL-10 |
| v. | ) | | 1:15-cv-143-HSM |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |
| | ) | | |

## **MEMORANDUM OPINION**

Pursuant to a written plea agreement, Petitioner Frank White ("Petitioner") pleaded guilty to, and was sentenced as a career offender to 128 months' imprisonment for, a lesser-included offense of conspiracy to distribute twenty-eight grams or more of cocaine base ("crack") in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). He has filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the "2255 Motion") [Doc. 778], alleging his appointed counsel was constitutionally ineffective.[1] For the reasons that follow, the Court finds an evidentiary hearing is not necessary, and the 2255 Motion shall be **DENIED**.

**I.      STANDARD of REVIEW**

    **A.      Threshold Standard**

Under 28 U.S.C. § 2255(a), a federal prisoner may make a motion to vacate, set aside, or correct his judgment of conviction and sentence, if he claims that the sentence was imposed in violation of the Constitution or laws of the United States; that the court lacked jurisdiction to impose the sentence; or that the sentence is in excess of the maximum authorized by law, or is

---

[1] All citations to the district court record are to the docket of the underlying criminal case.

otherwise subject to collateral attack.  As a threshold standard, to obtain post-conviction relief under § 2255 a motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A petitioner bears the burden of demonstrating an error of constitutional magnitude that had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley,* 512 U.S. 339, 353-54 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993).  In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a § 2255 motion if "it plainly appears from the face of the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief[.]"  *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states 'only bald legal conclusions with no supporting factual allegations.'") (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)).  If the motion is not summarily dismissed under Rule 4(b), Rule 8(a) requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required.  Defendant' burden of establishing that he is entitled to an evidentiary hearing is relatively light. *Martin v. United States*, 889 F.3d 827, 831-32 (6th Cir. 2018).  If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)).  An

evidentiary hearing is not required if "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Martin,* 889 F.3d at 832 (quoting *MacLloyd v. United States*, 684 F. App'x 555, 559 (6th Cir. 2017) (internal quotation marks omitted). Where the defendant presents an affidavit containing a factual narrative that is neither inherently incredible nor contradicted by the record and the government offers nothing more than contrary representations in response, the defendant is entitled to an evidentiary hearing. *Martin*, 889 F.3d at 832 (quoting *Huff*, 734 F.3d at 607).

B.  **Standard for Ineffective Assistance of Counsel**

Petitioner raises several ineffective assistance of counsel issues. Ineffective assistance of counsel is a recognized constitutional violation that, when adequately shown, warrants relief under § 2255. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), governs claims of ineffective assistance of counsel raised pursuant to 28 U.S.C. § 2255. *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013) (citation omitted). That test provides that, to demonstrate a violation of the Sixth Amendment right to effective assistance of counsel, "a defendant must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense." *Id*. (citing *Strickland*, 466 U.S. at 687).

The first prong requires a petitioner to show his attorney's performance was deficient by demonstrating that counsel's "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Stated another way, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney

3

performance remains simply reasonableness under prevailing professional norms." *Huff*, 734 F.3d at 606 (alterations in original) (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). A reviewing court must be "highly deferential" to counsel's performance, because

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Even if a petitioner is successful in overcoming that presumption, he must still satisfy the second prong of the *Strickland* test, *i.e.*, prejudice. Thus, a petitioner must show not only that his counsel's representation was objectively unreasonable, but also that he was prejudiced by counsel's deficiency because there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McPhearson v. United States*, 675 F.3d 553, 563 (6th Cir. 2012) (quoting *Strickland*, 466 U.S. at 694).

Although the *Strickland* Court emphasized that both prongs must be established for the petitioner to meet his burden, it held there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry. *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

## II. BACKGROUND

Petitioner was charged in an 18-count, multi-defendant second superseding indictment with conspiring to manufacture and distribute at least 280 grams of a mixture and substance containing a detectable amount of cocaine base ("crack") (Count 1) and five kilograms or more of

a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) and two counts of distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Counts 10 and 11) [Doc. 200]. Petitioner pleaded guilty, pursuant to a written plea agreement, to a lesser-included offense on Count 1, admitting that he conspired to distribute at least 28 grams of crack cocaine; the government agreed to move to dismiss the remaining counts [Docs. 263, 273, 275]. Petitioner was properly informed of the maximum authorized punishment for the offense he pleaded guilty to in both his plea agreement and during the plea colloquy [*id.*].[2]

Petitioner was allowed to enter a guilty plea to a lesser-included offense, which exposed him to a lower statutory minimum and maximum sentence. However, Petitioner was classified as a career offender pursuant to U.S.S.G. § 4B1.1, because of his two prior felony drug convictions [Doc. 391 at Page ID # 1049, ¶ 22]. Due to Petitioner's acceptance of responsibility for the offense and assistance to the authorities, Petitioner's offense level was reduced by three to a total offense level of 31. [Doc. 391 at Page ID # 1049, ¶¶ 23, 24]. As a result, with an offense level of 31, a criminal history category of VI, Petitioner's advisory guideline imprisonment range was 188 to 235 months [*id*. at Page ID # 1056, ¶ 58]. Petitioner objected to his career-offender classification contending the two offenses triggering the career-offender enhancement should be treated as one because they were resolved the same day [Doc. 439]. After extensive argument, the Court

---

[2] The record does not contain a transcript of the plea colloquy. Petitioner, however, has not challenged that the colloquy fully complied with all of the requirements of the Federal Rules of Criminal Procedure. Absent clear and convincing evidence to the contrary, a defendant is bound by his or her plea agreement and representations made under oath during a plea colloquy. *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) ("[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.") (Internal quotation marks and citations omitted).

overruled the objection finding that the predicate offenses were separated by an intervening arrest and thus met the technical definition of a career offender—a ruling not challenged by Petitioner [Doc. 623 at Page ID # 3403]. The Court sentenced Petitioner to 128 months' imprisonment, a sentence significantly below the applicable guideline range and dismissed the remaining charges against Petitioner [*Id*. at Page ID # 3404-07].[3]

As acknowledged during his plea colloquy, under his plea agreement Petitioner specifically admitted his guilt. He also agreed to waive his right to file a direct appeal except that he retained the right to appeal a sentence imposed above the sentencing guideline range or any applicable mandatory minimum (whichever is greater) as determined by the Court [Doc. 263 at Page ID # 620-21]. He also waived the right to file any pleadings under 28 U.S.C. § 2255 except for claims of ineffective assistance of counsel or prosecutorial misconduct not known to him by the time of the entry of judgment [*id*.].[4] In exchange for Petitioner's guilty plea to the lesser-included offense, the government agreed to move for dismissal of the remaining two counts against Petitioner and also agreed to a three level reduction in Petitioner's guideline calculation for acceptance of responsibility [*id.* at Page ID # 616, 618-19].

The plea agreement also specifically advised Petitioner that the lesser-included offense

---

[3] Consistent with the waiver provisions in his plea agreement of most of his appeal and collateral relief rights, Petitioner did not file a direct appeal. Instead, he timely filed his § 2255 Motion. He has also filed a motion to reduce his sentence in light of Amendment 782, which is opposed by the government because his sentence was not based upon a drug quantity but was instead based upon his career offender classification [Docs. 726, 740]. The motion to reduce sentence remains pending, and is not addressed herein.

[4] The government has not argued that the 2255 Motion raises ineffective assistance issues that come within the scope to the collateral review waiver. As a result, the Court will not address that, as a matter of record, Petitioner was aware of counsel's claim that he "missed" the career-offender issue in his "guess" at the possible sentence that might be imposed once the presentence investigation report was available prior to entry of the judgment [Doc. 623].

6

carried a punishment of "[i]mprisonment of not less than 5 years and not more than 40 years; Supervised release for at least 4 years and up to life; fine of up to $5,000,000; any lawful restitution; and a $100 Special Assessment." [*Id.* at Page ID # 615]. Moreover, Petitioner acknowledged that any estimates or predications made to him by his counsel (or anyone else) regarding any potential sentence was not binding on the Court and could not be used as a basis to rescind his plea agreement or withdraw his guilty plea [*id.* at Page ID # 618]. Petitioner also acknowledged that his sentence would be determined by the Court after reviewing the presentence investigation report based upon the entire scope of the Petitioner's criminal conduct, criminal history, and other factors and guidelines under 18 U.S.C. § 3553 [*id.*].

## III. ANALYSIS

### A. Ineffective Assistance of Counsel

Petitioner has alleged three claims of ineffective assistance of counsel, which will be addressed below in turn.

#### 1. Career-Offender Sentencing Advice

Petitioner argues that counsel was constitutionally ineffective because counsel botched the accurate estimation of Petitioner's sentence when counsel failed to recognize the potential applicability of Petitioner's career-offender classification. Specifically, Petitioner claims that his counsel improperly advised him that if he pleaded guilty to a lesser-included offense, he would receive a five-year sentence [Doc. 778 at Page ID # 13030]. Neither counsel nor the government disputes this account. Indeed, counsel essentially admitted as much during the judgment proceedings and then strenuously objected to application of the career-offender classification under the guidelines [Doc. 623 at Page ID # 3372].

"Competent representation [] demands that counsel explore the range of penalties a

7

defendant is facing under likely guidelines calculation scenarios as completely as possible." *Thompson v. United States*, No. 16-6531, ___ F. App'x ___, 2018 WL 1517190, at *5 (6th Cir. Mar. 28, 2018). As held in *Thompson*, "[t]he failure of defense counsel to provide professional guidance to a defendant regarding his sentence exposure prior to a plea may constitute deficient assistance." *Id*. (internal quotation marks omitted) (citations omitted).

In spite of counsel's failure in this case to recognize and discuss with Petitioner the possible application of the guideline career-offender enhancement, the written plea agreement correctly informed Petitioner of the punishment range for the offense of conviction—and his sentence did not exceed that range. To the extent Petitioner claims he was not informed of the possibility of receiving a sentence in excess of five years, the record plainly contradicts his claim. Furthermore, Petitioner's plea agreement explicitly explained that counsel's estimates or predictions regarding his potential sentence were not binding on the Court.

Not only does the written plea agreement address the possibility that Petitioner's sentence could exceed five years, a proper plea colloquy was performed and the Court fully explained to Petitioner the possible consequences of his guilty plea, including the minimum and maximum penalties he faced. The Sixth Circuit has long held that "a proper plea colloquy is generally deemed to cure any misunderstanding the defendant may have had about the consequences of the plea." *United States v. Pola*, 703 F. App'x 414, 423 (6th Cir. 2017) (citing *Ewing v. United States*, 651 F. App'x 405, 410 (6th Cir. 2016)). Additionally, during the sentencing proceedings, the Court specifically addressed these issues and even inquired as to whether Petitioner wished to withdraw his guilty plea—he did not [Doc. 623 at Page ID # 3370-71, 3393].

"[T]he Sixth Amendment does not guarantee the right to perfect counsel; it promises only the right to effective assistance. . ." *Burt v. Titlow*, 571 U.S. 12, 24 (2013). The focus when

examining ineffective assistance claims in the plea-bargaining process is not whether counsel's actions are reasonable but whether counsel's actions satisfied *Strickland*'s deferential standard. *McGowan v. Burt*, 788 F.3d 510, 515 (6th Cir. 2015) (citations omitted). "It is well-established that 'an inaccurate guideline-range prediction by an attorney will generally not meet the requirement of deficient performance under *Strickland*.'" *Morris v. United States*, No. 1:12-CR-91-1-HSM-WBC, 2017 WL 1088289, at *7 (E.D. Tenn. Mar. 21, 2017) (quoting *United States v. Elliott*, No. 6:06-CR-101-DCR-1, 2011 WL 1793385, at *10 (E.D. Ky. Mar. 16, 2011) (citing *Thomas v. United States*, 27 F.3d 321, 325-26 (8th Cir. 1994))). As detailed in *Morris*, in *Elliott* the movant's attorney failed to predict a career offender enhancement that subjected the defendant to a guideline range of 262 to 327 months, as opposed to 121 to 151 months absent the enhancement—an oversight similar to the oversight at issue in this case. *Id.* Nevertheless, the court in *Elliott* found that counsel's conduct did not amount to ineffective assistance because the court had explained to the defendant the possible consequences of pleading guilty. *Elliott*, 2011 WL 1793385, at *10 ("In sum, an attorney's inaccurate attempt at predicting a movant's Guideline range does not constitute ineffective assistance of counsel, especially where the court fully explains the consequences of pleading guilty."). Moreover, in this case, the Court imposed a below-guideline range sentence after first determining that Petitioner was *not* moving to withdraw his guilty plea and continued to wish to accept responsibility for his actions [Doc. 623 at Page ID # 3393].

While it is regrettable that his counsel failed to inform or misinformed Petitioner about the possibility of being treated as a career offender, Petitioner has not established any factual dispute requiring a hearing or a basis for relief under *Strickland*.

### 2. Prosecutorial Misconduct

In a related claim, Petitioner argues the government breached the plea agreement by allowing him to be classified and sentenced as a career offender after promising not to file an enhancement under 21 U.S.C. § 851 [Doc. 778 at Page ID # 13031-57]. In support, he relies on his affidavit, the transcript of the sentencing proceedings, and emails between the respective counsel, in which the government promised not to seek a statutory enhancement under § 851 if Petitioner pleaded guilty [*id.* at Page ID # 13044-49]. Although the promise not to file a § 851 enhancement is not directly addressed in the written plea agreement, the government argues it made—and kept—this promise.

To the extent Petitioner is attempting to raise a new stand-alone challenge with respect to alleged prosecutorial misconduct, such claims have been procedurally defaulted by his failure to raise them on direct appeal. *Bousley v. United States*, 523 U.S. 614, 623 (1998). A petitioner who procedurally defaults a claim and raises it for the first time on collateral review must show either that (1) he had good cause for not raising it earlier and would suffer "actual prejudice" if it were not reviewed, or (2) he is actually innocent. *Id.* at 622. Petitioner's claims of prosecutorial misconduct are procedurally defaulted because such claims could have been raised on direct appeal, but were not. Petitioner has not attempted to demonstrate cause and prejudice to excuse his procedural default or that he is actually innocent.

Addressing the merits of Petitioner's claim of prosecutorial misconduct does not change this result. Petitioner's argument fails to acknowledge the difference between a statutory enhancement and a guideline enhancement. Whether a defendant is subject to an enhanced mandatory minimum sentence based on a notice filed under § 851 or an enhancement under a career-offender guideline are separate inquiries. As addressed by the government, a defendant

may be subject to an enhanced statutory penalty based on a § 851 notice even if that defendant is not a career offender under the guidelines. Likewise, a defendant may be a classified as a career offender under the guidelines even if no § 851 notice is filed. The career-offender enhancement Petitioner received was not a statutory enhancement under § 851; rather it was an enhancement under the guidelines because the instant offense was a controlled substance offense, and Petitioner had at least two prior felony convictions for either a crime of violence or a controlled substance offense, as described in U.S.S.G. § 4B1.1(a). The evidence provided by Petitioner to support his 2255 Motion does not in any way indicate the government promised that he would be exempt from a career offender enhancement under the guidelines. Likewise, during the judgment proceedings, no such suggestion was made.

As the government did not file a § 851 notice, there can be no prosecutorial misconduct for breaching a plea agreement or promise. Thus, in addition to being defaulted, the claim has no merit.

### 3. Residual Rights Claim

In Petitioner's final argument for relief under § 2255, he claims his counsel was constitutionally ineffective because counsel never explained any "residual rights" about an appeal to him. At the close of the sentencing hearing, the Court instructed Petitioner's counsel to explain to Petitioner any residual appeal rights that Petitioner had not waived in his plea agreement and counsel indicated he would do so [Doc. 623 at Page ID # 3407-08]. These are the same waiver and residual appeal rights that, in the normal course, would have been fully explained to Petitioner during the plea colloquy. Thus, notwithstanding the appeal waiver provisions in his plea agreement, it is beyond dispute that Petitioner was alerted to the fact that he had some residual appeal rights.

11

Even if counsel failed to go over the residual rights under the plea agreement after the judgment proceeding, because Petitioner received a below guideline sentence, he retained no residual right to appeal his sentence and can demonstrate no prejudice under *Strickland*. Petitioner has not asserted—and given the Court's usual plea colloquy, cannot assert—any challenge to the validity of the appeal waiver in his plea agreement or that his plea was knowing and voluntary in spite of counsel's misrepresentation of Petitioner's guideline range. *See United States v. Contreras-Armendariz*, 207 F. App'x 594, 597 (6th Cir. 2006) ("The record reflects that Contreras had a full understanding of the direct consequences of his plea, including the fact that he could not withdraw that plea in the event that his counsel's predictions regarding the applicable guidelines range were incorrect, and that his plea represented a voluntary and intelligent choice among the alternatives he faced. The claim that his plea was not knowing and voluntary is wholly without merit."). Petitioner has not claimed he instructed his counsel to appeal.

As a result, Petitioner has not established any resulting prejudice under *Strickland*.

## IV. CERTIFICATE OF APPEALABILITY

Finally, the Court must consider whether to issue a certificate of appealability (COA) should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c)(1), a petitioner may appeal a final order in a § 2255 case only if he is issued a COA. A COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where a claim has been dismissed on the merits, a petitioner must show that reasonable jurists would find the assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right, as jurists of reason would not debate the Court's findings as to any of Petitioner's claims that

were addressed on their merits. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a COA **SHALL NOT ISSUE**.

## V. CONCLUSION

For the reasons stated herein, the Court finds that no evidentiary hearing is necessary and that Petitioner is not entitled to § 2255 relief. The 2255 Motion [Doc. 778] is therefore **DENIED** and **DISMISSED WITH PREJUDICE**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE